# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:14-cr-00061-MR-DLH

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>)<br>RIGOBERTO MORALES OCAMPO, )<br>)<br>Defendant. )<br>_____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Defendant's "Motion under 18 U.S.C. § 3582," which the Court construes as a motion for jail credit. [Doc. 36].

The Defendant moves the Court to give him sentencing credit for the time that the Defendant spent in jail prior to his initial appearance in this case. [Doc. 36]. The Defendant's motion must be denied. The Attorney General, not the sentencing court, is responsible for computing a prisoner's credit. United States v. Wilson, 503 U.S. 329, 335 (1992). A prisoner seeking review of the computation of his sentence credit must first seek administrative review of that computation through the Bureau of Prisoners. Only after such administrative remedies have been exhausted can a prisoner

then seek judicial review of his sentence computation. Id. Further, because "[a] claim for credit against a sentence attacks the computation and execution of a sentence rather than the sentence itself," United States v. Miller, 871 F.2d 488, 490 (4th Cir. 1989), such claims must be raised pursuant to 28 U.S.C. § 2241 in the district of confinement. In re Jones, 226 F.3d 328, 332 (4th Cir. 2000); 28 U.S.C. § 2241(a).

Accordingly, the Defendant should address his inquiry regarding the status of his sentence to the Bureau of Prisons. Once his BOP administrative remedies have been exhausted, the Defendant may seek judicial review in the district of his confinement.

**IT IS, THEREFORE, ORDERED** that the Defendant's "Motion under 18 U.S.C. § 3582" [Doc. 36], which the Court construes as a motion for jail credit, is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.** Signed: May 9, 2017

Martin Reidinger
United States District Judge